UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-21401-CIV-SEITZ/MCALILEY

FILED by ____ D.C.
DEC 7 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

ROBERT QUINTANA and
ALINA M. QUINTANA, on behalf of
themselves and all others similarly
situated

          Plaintiffs,

v.

MORGAN STANLEY DW, INC.,
          Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND CLOSING CASE

THIS CAUSE is before the Court on Defendant Morgan Stanley DW, Inc.'s Motion to Dismiss [DE 9]. Plaintiffs Robert and Alina Quintana commenced this class action on April 29, 2005, seeking $100,000,000 in compensatory damages, punitive damages, and attorneys fees based on Defendant's recent disclosure that it may not have produced responsive discovery in their arbitration proceeding. Defendant moved to dismiss the Complaint arguing, *inter alia*, that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "FAA") bars Plaintiffs' claims. Upon review of the motion, the response, and the reply thereto, as well as the relevant portions of the record, and after hearing the oral argument of counsel, the Court grants Defendant's Motion to Dismiss because Plaintiffs' exclusive remedy for Defendant's alleged misconduct in the arbitration proceedings is to seek a *vacatur* of any arbitration award under section 10 of the FAA.

### I.   Background

The relevant facts in Plaintiffs' Complaint, taken as true for purposes of this motion, are as follows: The Quintanas were previously clients of Defendant. (Compl. ¶16.) The Quintanas' Brokerage Account Agreement with Defendant contained an arbitration clause, which required the parties to arbitrate all disputes, claims, or controversies. (*Id.* ¶¶ 2, 18.) Accordingly, on April 4, 2003, the Quintanas filed an arbitration action before the NASD against Defendant entitled *Robert Quintana & Alina Quintana v. Morgan*



*Stanley Dean Witter* (the "Arbitration").[1] (*Id.* ¶ 18.) In the Arbitration, the Quintanas requested $150,000 in compensatory damages, plus interest at the legal rate of purchase, punitive damages, attorney's fees, and costs. (*Id.*, Ex. 8.) In response, Defendant requested that all claims against it be dismissed and that forum costs be assessed against the Quintanas. (*Id.*, Ex. 8.) Furthermore, Defendant notified the Quintanas of its intention to seek attorney's fees should it prevail. (*Id.*, Ex. 8.)

During the course of the Arbitration, the Quintanas requested that Defendant produce all records relating to the their accounts, including all correspondence, memos, e-mails, or other documents. (*Id.* ¶ 18.) Nevertheless, during discovery in the Arbitration, Defendant failed to timely produce certain documents (*Id.* ¶ 21). Following a four day arbitration hearing in June 2004, the arbitration panel entered its decision dismissing the Quintanas' claims in their entirety, ordering Defendant to pay $400 to the Quintanas for its failure to timely produce discovery, and denying all requests for attorney's fees. (*Id.* ¶ 18, Ex. 8.) Several months after June 2004, Defendant filed a separate action in state court against the Quintanas seeking attorney's fees. (*Id.* ¶ 18.)

Almost one year after the conclusion of the Arbitration, in a letter dated April 21, 2005, Defendant's Arbitration counsel informed the Quintanas that there may be additional documents that Defendant never disclosed (*Id.* ¶ 23). Specifically, Defendant's Arbitration counsel stated as follows:

> We are writing to advise you that, to the extent it has agreed or is otherwise obligated to produce email in this matter, Morgan Stanley DW Inc. ("MSDW") has recently come to appreciate that there are additional sources of discovery that might contain additional responsive email. These additional sources, however, are not actively used for information retrieval and are not readily searchable. MSDW is attempting to enable the email from those sources to be searched. It will take an as-yet unknown period of time to determine if there is email or other electronic data from those sources that is responsive to discovery obligations in this matter and not previously produced from other sources. MSDW will advise you as to its progress. Although there may or may not be material responsive in this matter, MSDW will make reasonable accommodations as appropriate.

(*Id.*, Ex. 1.)

---

[1] While not alleged in the Complaint, Plaintiffs' Response suggests that the Quintanas hold the Defendant responsible for the loss of their life savings.

On April 29, 2005, Plaintiffs filed the present action in state court, alleging that Defendant's Arbitration counsel sent a similar letter to all potential class members. Plaintiffs allege that Defendant's "history of discovery abuse prevent[ed] the Plaintiffs from obtaining a full and fair hearing" and Defendant's failure to produce specific discovery documents "has resulted in unfair arbitration awards to Class members." (*See id.* ¶¶ 10, 13). Plaintiffs contend that such acts constitute a breach of Defendant's written customer agreements (Count I). (*See id.* ¶¶ 31-36). Plaintiffs further allege that Defendant acted negligently in failing to produce e-mails (Count II). (*See id.* ¶¶ 37-42.) Finally, Plaintiffs contend that as its customers, Defendant owed them a duty of care and loyalty, and that Defendant breached such fiduciary duty by not disclosing all relevant discovery during the arbitration proceedings (Count III).[2] (*See id.* ¶¶ 43-49.) Defendant removed the action to federal court pursuant to the Class Action Fairness Act of 2005. (*See* Notice of Removal ¶ 5.)

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that dismissal of a claim is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackstone v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994); Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will ultimately prevail on the merits but instead, whether he has properly stated a claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a Rule 12(b)(6) motion to dismiss, a complaint generally need only provide a short and plain statement of the claim and the grounds on which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Moreover, a court must accept the plaintiff's allegations in the complaint as true and view those allegations in a favorable light to determine whether the complaint states a claim for relief. *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1298 (11th Cir. 2000).

---

[2] In their Response, Plaintiffs incorrectly assert that the Complaint alleges "at least four independent causes of action: (1) fraud; (2) negligence; (3) breach of contract; and (4) breach of fiduciary duty." (Pls.' Res. at 13.) The Complaint, however, does not allege a fraud count. Plaintiffs' Response also asks to add a claim for improper submission to arbitration and for a declaration that the statute of limitations under section 12 of the FAA is tolled for fraudulent concealment. (*Id.* at 18-21.)

### III. Analysis

Defendant's primary argument for dismissal is that this lawsuit is an impermissible collateral attack and that section 10 of the FAA provides the exclusive remedy for remedying an improper arbitration award, which is a motion to vacate the award and obtain a new arbitration hearing. As to the sufficiency of the specific counts, Defendant seeks to dismiss the contract claim (Count I) arguing that Plaintiffs' brokerage accounts do not create a private right of action for alleged violations of NASD Rules. Defendant asks the Court to dismiss Plaintiffs' Count II negligence claim because Plaintiffs have not alleged that Defendant made a knowing material misrepresentation on which Plaintiffs justifiably relied and as a result were damaged. Finally, Defendant seeks to dismiss Count III, the breach of fiduciary duty claim, contending that it does not have a fiduciary duty to produce documents in an arbitration.

In their response, Plaintiffs assert that their lawsuit is not a collateral attack but an independent case, involving independent causes of action which the Plaintiffs have in common against the Defendant. Plaintiffs maintain that they "are not attempting to force reconsideration . . . by the arbitrators" and concede that such "re-examination would clearly be an impermissible collateral attack." (Pls.' Resp. at 7.) Rather, Plaintiffs claim that they are seeking damages, actual and punitive, for the wrongful acts of the Defendant, either through fraud or negligence to deny Plaintiffs access to "relevant evidence." In the alternative, Plaintiffs argue that Federal Rule of Civil Procedure 60(b) provides the vehicle for Plaintiffs' requested relief. As a further alternative, Plaintiffs ask that if the Court finds that Rule 60(b) is not applicable, then the Court should enter an order that the FAA's three month statute of limitations can be tolled under the doctrine of equitable tolling for fraudulent concealment.

#### A. The Collateral Attack Doctrine Is Applicable

Plaintiffs first argue that although the FAA's collateral attack doctrine is widely recognized, the Court should not apply such doctrine because the reasoning behind it is unsound. This argument is unavailing. The FAA expresses a national policy in favor of arbitration. *See Moses H. Cone Mem'l Hosp.*

*v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The purpose of arbitration is to provide a fast, inexpensive resolution of claims. *See O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988). Furthermore, the basic purposes of the FAA are to overcome common law hostility to the enforcement of arbitration agreements, *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 272 (1995), and "'relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation.'" *O.R. Sec., Inc.*, 857 F.2d at 745-46 (citation omitted). Once arbitration has been completed, "judicial review of the arbitration process . . . is narrowly limited," *Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990), as a "strong policy" favors the finality of arbitration awards. *Bonnar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 n.8 (11th Cir. 1988).

Section 10 of the FAA provides the mechanism and grounds upon which a party make seek *vacatur* of an arbitration award.[3] Indeed, "[s]ection 10 strictly limits the grounds available for vacating an award, and it is the exclusive remedy for misconduct in an arbitration proceeding governed by the Act." *Prudential Sec. Inc. v. Hornsby*, 865 F. Supp. 447, 449 (N.D. Ill. 1994). Numerous courts have squarely held that the FAA "provides the exclusive remedy for challenging conduct that taints an arbitration award within the Act's coverage." *Foster v. Turley*, 808 F.2d 38, 41-42 (10th Cir. 1986). *See also Mazzella v. Morgan Stanley Dean Witter & Co.*, Case No. 99-6825-Civ-Jordan (S.D. Fla. Aug. 30, 2000), *aff'd*, 275 F.3d 521 (11th Cir. 2001). Thus, a party complaining of wrongdoing that affected the arbitration award must proceed by seeking *vacatur* under the FAA, rather than by collaterally attacking the arbitration proceeding, such as the instant Complaint which alleges breach of contract, negligence, and breach of fiduciary duty for discovery abuses.

---

[3] Section 10 provides in relevant part as follows: "(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration – (1) where the award was procured by corruption, fraud, or undue means . . ., or (3) . . . or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a).

*Decker v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 910 (6th Cir. 2000).[4]

Despite recognizing the wide acceptance of the collateral attack doctrine, Plaintiff questions the validity of the same by criticizing the seminal case on the issue - *Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir. 1982). Unfortunately, while Plaintiffs point out their perceived flaws in the reasoning of the *Corey* case, they fail to recognize that *Corey*'s holding is consistent with the purposes of the FAA to overcome hostility to the enforcement of arbitration awards, to relieve court congestion, and to limit judicial review of the arbitration process. Thus, given the numerous cases upholding the validity of the collateral attack doctrine, this Court finds that such doctrine is sound and consistent with the policy considerations underlying the FAA.

B.     Plaintiffs' Claims Are Barred By The Collateral Attack Doctrine

The Court next turns its attention to consider whether Plaintiffs' claims are independent claims that can be brought outside the arbitration process and finds that they are not. Plaintiffs' Complaint makes clear that they seek damages based on the impact that Defendant's alleged misconduct had on the awards in their individual arbitration proceeding, as well as those of potential class members. For example, the Complaint alleges that "Morgan Stanley's failure to abide by its discovery obligations . . . has resulted in unfair arbitration awards to Class members" and that "Plaintiffs' claims are typical . . . by virtue of them receiving an arbitration award during the Class period, [and] hav[ing] sustained damages as a result of Defendant's unlawful or improper activities as alleged herein." (Compl. ¶¶ 13, 27.)[5]  Because the essence of the

---

[4] *See also O.R. Securities, Inc.*, 857 F.2d at 745 (noting, "'The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint . . .'"); Thomas H. Oehmke, *Commercial Arbitration* § 28.80 (3d ed. 2005) (stating, "The FAA provides the exclusive remedy for challenging the acts that taint an arbitration award . . . . A losing party may not file a post-award lawsuit to collaterally attack an arbitration award, unless that action seeks one of the remedies under the FAA.").

[5] *See also* Compl. ¶ 10 (stating, "Morgan Stanley's actions demonstrate a history of discovery abuse preventing Plaintiffs from obtaining a full and fair hearing."); *id.* ¶ 14 (stating, "the Class is entitled to all of the 'newly' discovered documents; the vacatur of any arbitration award procured by fraud . . .; the right to new arbitration hearings; and damages, including, but not limited to, a return of all forum fees assessed by and paid to the NASD or NYSE pursuant to said arbitration awards."). Furthermore, sections 9 and 13 set forth the procedures for

Complaint is that Defendant's failure to disclose the as yet identified documents during their arbitration resulted in an unfair outcome, the Court finds that Plaintiffs' Complaint does not state claims independent of an attack on their individual arbitration proceedings. Accordingly, the Court must grant Defendant's Motion to Dismiss.

### C. Plaintiffs Cannot Pursue Their Claims Under Federal Rule Of Civil Procedure 60(b)

Plaintiffs next urge the Court to permit them to pursue this action pursuant to Federal Rule of Civil Procedure 60(b).[6] Specifically, Plaintiffs argue that an arbitration is a "proceeding" under Rule 60(b) and thus subject to this Court's review. Although Rule 60(b) may be used to challenge a judgment by a district court that has confirmed or vacated an arbitration award, Plaintiffs failed to cite a single case, and the undersigned's independent research has not revealed any legal authorities, that indicate that the Rule can be applied to challenge an arbitration award that is the subject of an ongoing confirmation proceeding in state court. Furthermore, courts have held that a party to an arbitration proceeding cannot use Rule 60(b) to bypass the procedures set forth in the FAA. *See Mazzella*, Case No. 99-6825-Civ-Jordan (S.D. Fla. Aug. 30, 2000) (noting that Rule 60(b) has not been "successfully invoked to challenge an arbitration award itself, as opposed to a court judgment confirming an arbitration award.").[7] Thus, Rule 60(b) does not provide a means for Plaintiffs to pursue their claims.

### D. This Court Cannot Issue Advisory Opinions

Plaintiffs' final argument is that if the collateral attack doctrine bars this Court's review of their claims, this Court "should rule that the three month requirement for filing vacatur actions under Section 12 of the FAA" is tolled under the fraudulent concealment doctrine. (Pls.' Resp. at 19.) Plaintiffs request this ruling because unless the three-month statute of limitations is tolled, it will bar them from seeking relief

---

having an arbitration award confirmed. 9 U.S.C. §§ 9, 13.

[6] Rule 60(b) provides, in relevant part, that a "court may relieve a party . . . from a final judgment, order, or proceeding" for, *inter alia,* fraud or if the judgment is void. Fed. R. Civ. P. 60(b).

[7] *See also Cong. Secs., Inc. v. Fiserv Secs., Inc.*, No. 02-CV-3740, 2004 WL 829028, *2 (S.D.N.Y. Apr. 15, 2005) (stating: "Rule 60(b) may be used to modify a judgment confirming an arbitration award" but not "the arbitration award itself.").

under the FAA. Accordingly, Plaintiffs ask the Court to issue an order prohibiting Defendant from raising the statute of limitations issue in subsequent actions to allow them to pursue their claims under the FAA and to prevent inconsistent results in those future proceedings.

This Court is not constitutionally empowered to render advisory opinions. *See R. T. Vanderbilt Co. v. Occupational Safety & Health Review Comm'n*, 708 F.2d 570, 574 (11th Cir. 1983). Even if Plaintiffs had asserted a claim for declaratory relief, such relief would not be proper in this case, given that there is no case or controversy before this Court that has raised potential statute of limitations defenses. Thus, this Court declines to address the statute of limitations issue.[8]

### IV.  Conclusion

For the reasons stated above, it is hereby

ORDERED that Defendant's Motion to Dismiss **[DE 9]** is GRANTED. This action is DISMISSED. All pending motions not otherwise ruled upon are DENIED AS MOOT. This case is CLOSED.

ORDERED in Miami, Florida, this 7th day of December, 2005.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[8] In their Response and at oral argument, Plaintiffs raised several additional claims. First is Plaintiffs' claim that there was never a valid arbitration agreement between the parties, which Plaintiffs raised for the first time in their Response to the Motion to Dismiss. Given that these allegations were not contained in the Complaint and are unrelated to Plaintiffs' claims that Defendant failed to produce discovery documents, the Court will not consider Plaintiffs' newly asserted theory. As to Plaintiffs' claim that their breach of contract action is based upon a breach of the Uniform Submission Agreement, which was referenced in the Quintanas' arbitration award, the Court finds that such action was not pled in the Complaint. Furthermore, even if Plaintiffs had properly pled this claim, it would nevertheless be barred by the collateral attack doctrine as it is premised upon their theory that the arbitration proceedings and award were unfair. Because the Court finds the Defendant's primary argument for dismissal is well taken, it does not need to address the sufficiency of the allegations in each count.